**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**DAVID CAIN,** individually and on behalf of
similarly situated persons,

Plaintiff,

v.

**AJD PIZZA MANAGEMENT, LLC, and**
**AARON DOLKOWSKI, individually,**

Defendants.

Civil Action No. 2:21-cv-10860

**PLAINTIFF'S UNOPPOSED MOTION FOR (1) LEAVE TO AMEND THE**
**COMPLAINT (2) PRELIMINARY CERTIFICATION OF A COLLECTIVE AND CLASS**
**ACTION FOR SETTLEMENT PURPOSES, (3) PRELIMINARY APPROVAL OF A**
**CLASS ACTION SETTLEMENT, (4) APPROVAL OF NOTICE TO PUTATIVE**
**CLAIMANTS, AND (5) SCHEDULING A HEARING FOR FINAL APPROVAL OF THE**
**PARTIES' CLASS ACTION SETTLEMENT AGREEMENT,**
**AND MEMORANDUM IN SUPPORT**

Named Plaintiff David Cain, individually and on behalf of all others similarly situated

presents this Motion, which is unopposed by Defendants, seeking an Order:

(1) granting Plaintiff leave to file an Amended Complaint adding a class claim under the

Michigan Improved Workforce Opportunity Wage Act, MCL § 408.931 *et seq.*,

(2) conditionally certifying a Fair Labor Standards Act ("FLSA") collective action pursuant

to Section 216,

(3) certifying a Michigan class action pursuant to Rule 23, for settlement purposes,

(4) preliminarily approving the Parties' settlement,

(5) approving the proposed Class Notice and Claim Form to be sent to the putative

claimants, and

(6) scheduling a hearing for final approval of the Parties' class action settlement agreement

1

to occur at least 100 days following the Court's order granting preliminary approval of the settlement.

A copy of the Parties' agreed-upon Settlement Agreement and the Class Notice and Claim Form are attached hereto as Exhibits. The Parties incorporate the following Memorandum in Support.  The settlement meets the standards for approval and the Motion should be granted.

## MEMORANDUM IN SUPPORT

### Facts and Procedural History

Defendants own and operate a chain of Domino's pizza stores located throughout Michigan. On April 16, 2021, Plaintiff filed suit against Defendants alleging minimum wage violations resulting from under-reimbursed vehicle costs incurred on the job in violation of the FLSA and the Michigan Compiled Laws, § 408.471 et seq. ("Michigan Wage Laws").[1] Plaintiff asserted those claims individually and on behalf of similarly situated delivery drivers currently and formerly employed by Defendants.  Plaintiff alleged that Defendants under-reimbursed their delivery drivers' vehicle costs incurred on the job, thereby reducing the workers' net wages below the federal and state minimum wage rates (nominal wages – unreimbursed vehicle costs = subminimum net wages). Further, Plaintiff alleged that Defendants applied the same reimbursement formula and rate to all of their delivery drivers during the recovery period.

Counsel for the Parties have previously represented Domino's franchisees and delivery drivers including in *Burton v. AMNJ Enterprises, Inc., et al*, [2] where the Eastern District of Wisconsin recently granted final approval of a settlement covering similar claims and tracking a

---

[1] As part of the settlement and pursuant to Rule 15, the parties agreed that Plaintiff would file an Amended Complaint to add a class claim under the Michigan Improved Workforce Opportunity Wage Act, MCL § 408.931 *et seq.*, which shall be considered as part of the Michigan Wage Laws herein. Plaintiff has incorporated his request for leave to file this amendment with this Motion.

[2] Case No. 2:19-cv-164 (E.D. WI.). The settlement of this matter was also modeled after the settlement previously approved in *Meetz v. Wisconsin Hospitality Group, LLC*, Case No. 16-cv-1313, by this District.

similar structure as proposed here. Based on this experience, counsel negotiated an early and efficient resolution structure they believe is in the parties' interest and serves the additional and ongoing interest of judicial economy.

The Parties discussed disclosure of data needed to evaluate liability and damages, followed by mediation.  Defendants produced that data, which Plaintiff's counsel vetted, thoroughly reviewed, and analyzed through detailed spreadsheet calculations.  Based on those calculations, the Parties mediated for a full day with a highly experienced wage and hour and class action mediator, Allen Blair, Esquire.

Defendants denied and continue to deny any liability or wrongdoing of any kind associated with the claims alleged by Plaintiff, and further deny that, for any purpose other than settling this matter, this action is appropriate for class or collective treatment. Plaintiff, on the other hand, asserts that Defendants failed to comply with federal and state minimum wage requirements embodied in the FLSA and applicable state wage laws.  Class Counsel understands Defendants' position and defenses, but believes Plaintiff, individually and on behalf of the Class, could ultimately succeed at trial on the basis of common proof.  All Parties recognize the uncertainty of the outcome, and appreciate the expense and time associated with further litigation, which motivated settlement. The attorneys who negotiated on behalf of the Parties are experienced litigators, and they vigorously represented their clients' respective interests.  Forester Decl., ¶¶ 5-6. The settlement reached in this litigation constitutes a fair and reasonable compromise of a *bona fide* dispute involving several vigorously-disputed legal and factual issues.  It considers the possible value of the claims balanced against the risk, effort, expense and delay of further litigation and possible appeals.

**Key Settlement Terms**

The settlement class is defined as:

*All persons who worked as a delivery driver for Defendants between July 16, 2018 and the date the Court grants preliminary approval.*

Pursuant to Michigan state law and Federal Rule of Civil Procedure 23 ("Rule 23"), Class Members that do not return Claim Forms but do not opt-out of the settlement, i.e. are only members of the Rule 23 Class, will be bound by a state law release and will retain all rights available under law to bring claims under the federal Fair Labor Standards Act, subject to the statute of limitations and other defenses available to Defendants.

The Parties agreed to settle all putative class members' wage and hour claims by Defendants establishing a settlement fund inclusive of payments to the putative class, attorneys' fees, litigation costs, administration costs and a modest service award. All class members who do not opt-out, but do not submit a claim, will receive a payment of thirty dollars ($30). The remaining settlement funds will be distributed to class members who submit claims based on the following equitable formula:

- For each Settlement Class Member, the total number of his/her recorded miles making deliveries for Defendant during the three-year period preceding the date the Court grants preliminary approval of the Agreement shall be his/her "Individual Miles." The aggregate of all Individual Miles among all Settlement Class Members shall be the "Class Miles."

- Each Settlement Class Member's Individual Miles shall be divided by the Class Miles to obtain his/her "Payment Ratio."

- Each Settlement Class Member's Payment Ratio shall be multiplied by the Net Settlement Amount to arrive at his/her Potential Settlement Payment.

All settlement payments will be treated as non-taxable payments in reimbursement for

incurred expenses.

The release binding Class Members who do not opt out is limited to wage and hour claims (depending on whether they timely file a "Claim Form" (defined below)):

Upon the Effective Date of the Settlement, the Class Representative and Authorized Claimants will release and forever discharge Defendants, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the Release Period, including claims arising out of, based on, or encompassed by facts asserted in the action, arising under the FLSA, Michigan wage and hour laws, or any similar federal, state, municipal or local laws, such as mileage reimbursement claims; meal and rest break claims; and dual jobs claims. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for *res judicata* purposes shall be co-extensive with this release of claims (collectively, the "Released Claims").

Upon the Effective Date of the Settlement, all Participating Class Members, regardless of whether they cash or otherwise negotiate their settlement check, will release and forever discharge Defendants, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the Release Period, including claims arising out of, based on, or encompassed by facts asserted in the action, arising under Michigan wage and hour laws, or any similar state, municipal, or local laws, such as mileage reimbursement claims; meal and rest break claims; and dual jobs claims. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for *res judicata* purposes shall be co-extensive with this release of claims (collectively, the "Released State Law Claims").

Based on service to the class in initiating this case and working with counsel to investigate and prosecute this litigation, Named Plaintiff seeks a modest service award, subject to Court approval.

Subject to this Court's approval, Plaintiff's Counsel will seek fees equal to one-third (1/3)

of the total settlement and actual litigation costs.  Defendants will not oppose or object to this request for attorneys' fees and costs.

The Parties will jointly select a settlement administrator, whose fees will be paid from the settlement amount.

A notice of collective action settlement (the "Notice") and claim form ("Claim Form") will be mailed to all putative class members as soon as practicable after the Court's preliminary approval of this settlement, the Notice and the Claim Form.  The Parties' proposed Notice should be approved as it explains in clear terms (1) the nature of the settlement, (2) the factors used to determine the amount each class member has been allocated under the settlement, and (3) each delivery driver's right to submit a claim form, object to the settlement, or exclude themselves from the settlement.

The Settlement Administrator will send a notice of preliminary approval and settlement to each class member and each of them will have 50 days after mailing of the notice to submit a claim form and 50 days after mailing of the notice to file objections or opt out.  Class members will also have the opportunity to appear at the final approval hearing to be set by the Court.

## ARGUMENT

### A.     The Court Should Preliminarily Approve the Settlement

Federal Rule of Civil Procedure 23(e) provides a class action can be settled only with court approval.  In the Sixth Circuit, there is a three-step process for approving class action settlements: (1) the court preliminarily approves the proposed settlement; (2) the class members receive notice of the proposed settlement; and (3) after a hearing, the court finally approves the settlement. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001). Preliminary approval of a class action settlement is thus a provisional step.  At the preliminary approval stage, the Court's review is not exacting.  The Court's role is simply to evaluate whether the proposed settlement

appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. *In re Skechers Toning Shoe Prods. Liab. Litig.*, 2012 WL 3312668, at *8 (W.D. Ky. Aug. 13, 2012); *Hyland v. HomeServices of Am., Inc.*, No. 05-cv-612, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (citing *Tenn. Assoc. of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)). The standards for preliminary approval are less stringent than at the final approval stage. *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011)).  Moreover, in evaluating a proposed settlement, "[the Court's] role at this stage of the proceeding is not to evaluate the merits of the litigation, since this would contravene the parties' decision to 'waive their right to litigate the issues involved in the case and thus save themselves the time, and the inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). The question for the Court to resolve is "simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opts-outs and objections." *Hillson v. Kelly Servs.*, Case No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich. Jan. 23, 2017). Accordingly, at the preliminary approval stage, "the bar to meet the 'fair, reasonable, and adequate' standard is lowered[.]" *In re Regions Morgan Keegan Secs.*, No. 08-cv-2260, 2015 WL 11145134, at *3 (W.D. Tenn. Nov. 30, 2015); *Johnson v. W2007 Grace Acquisition I, Inc.*, No. 13-2777, 2015 WL 12001268, at *4 (W.D. Tenn. Apr. 30, 2015). Applying these standards, preliminary approval of the Settlement Agreement is warranted. *See e.g.*, *Burton*, Case 2:19-cv-164 (E.E. WI.); *see also*, *Marnoch and Breit v. GBR Pizza, Inc. et al*, Case 5:19-cv-257 (E.D. N.C.) (Hybrid FLSA and Rule 23 settlement recently and finally approved for similar claims); *Rechtoris v. Dough Management, Inc. et al.*, Case 3:18-cv-708 (N.D. IN.) (same).

1.      **The Proposed Settlement Was Fairly and Honestly Negotiated**

The primary procedural factor that courts consider in determining whether to preliminarily approve a proposed class action settlement is whether the agreement arose out of arms-length, non-collusive negotiations. *Hillson*, 2017 WL 279814, at *6 (citing *Newberg on Class Actions*, § 13:14 (5th ed.)). Here, the Parties are represented by counsel that is highly experienced in the specific type of wage and hour claims alleged in the action. *See e.g.*, Forester Decl., ¶ 5.  The Parties investigated the merits of the claims and Defendants' defenses and engaged in mediation with an experienced wage and hour class and collective action mediator. *Hainey v. Parrot,* 617 F.Supp.2d 668, 673 (S.D.Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 2885230, at *6 (E.D. Ky. Oct. 23, 2008) (finding no risk of fraud or collusion relative to final approval, where settlement was "the product of arm's length, good-faith settlement negotiations" reached after mediation through mediator)*.*

2.      **Serious Questions of Law And Fact Exist, Placing the Ultimate Outcome of This Action in Doubt**

Plaintiff believes that the claims are strong but recognize that success is not guaranteed. With respect to the merits of Plaintiff's claims, Plaintiff believes that he will prevail in demonstrating that Class Members were not properly reimbursed for miles they incurred in their own vehicles on Defendants' behalf. Defendants, however, contend that they fully complied with applicable minimum wage requirements and believe numerous factors could preclude class-wide treatment. Defendants deny all liability and believe that their defenses are strong and that the Class Members were properly reimbursed for the expenses.  Nonetheless, both Parties recognize that they may not ultimately prevail, and that the proposed settlement alleviates the uncertainty

for both sides.

Even aside from the risks associated with determining liability, significant risks exist as to the amount of possible damages.  First, the Parties dispute whether the three-year limitations period under the FLSA applies, or whether the two-year period for non-willful violations would be applicable in this matter.  Second, the Parties dispute whether this case could be tried on a class or collective action basis.  Finally, the parties dispute the applicability of potential penalties.  Because there are several important questions of law and fact regarding liability and damages that remain unresolved, the second factor weighs in favor of approval of the Settlement.  *See Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *16 (N.D. Ohio Sept. 1, 2011)(quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.50 (4th ed. 2002) for the proposition that "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

### 3.   The Value of Immediate Recovery Outweighs the Possibility of Any Future Relief

The issues here are complex and will be vigorously contested, resulting in significant time and expense if the litigation continues.  Barring a settlement, the Parties would need to prepare for and conduct a trial with numerous witnesses.  Thereafter, any final judgment could be appealed, thereby extending the duration of the litigation.  Given these risks, further litigation could result in no recovery for Class Members or a significant judgment against Defendants. For these reasons, the value of an immediate and certain settlement far outweighs the uncertainty of any future relief, and the Settlement Agreement should be preliminarily approved. *Id*.

### 4.   Counsel Believe the Settlement Is Fair and Reasonable

Counsel for both sides fully support the Settlement Agreement, and "[c]ounsels' judgment

as to the fairness of the agreement is entitled to considerable weight." *Lucas*, 234 F.R.D. at 695 (finding that this factor favored preliminary approval where "the parties' counsel - among whom are attorneys with substantial experience in complex class action litigation and disability class actions - unanimously support this settlement") (citation omitted); *see also*, *id* at *18 (same). When evaluated in light of the factors identified by this Circuit, the proposed settlement is fair, reasonable, and adequate and should be approved.

### B.   The Settlement Class Meets the Requirements of Rule 23(a) For Settlement Purposes.[3]

#### 1.   Numerosity

The numerosity requirement of Rule 23(a)(1) is established if the class is so numerous that joinder of all members is impracticable.  In the instant case, the Settlement Class consists of in excess of 1,000 individuals, which satisfies the numerosity requirement of Rule 23(a)(1).  *See, e.g. Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974)(as few as 35 people satisfied standard); *Maez v. Springs Automotive Group, LLC*, 268 F.R.D. 391, 395 (D.Colo.,2010) (391 putative class members satisfied numerosity requirement); *See*, *e.g.*, *Thomas v. Louisiana-Pacific Corp.,* 246 F.R.D. 505, 509 (D.S.C. 2007) (approving class action with 130 potential class members).

#### 2.   Commonality & Typicality

Commonality and typicality "tend to merge." *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). "A finding of commonality requires only a single question of law or fact common to the entire class." *DG v. Devaughn*, 594 F.3d 1188, 1194-1195 (10th Cir. 2010). "[Rule 23] does not require that all, or even most issues be common, nor that common issues

---

[3] For purposes of settlement only, Defendants have agreed not to contest the statements made in this motion regarding class and collective action certification.  However, Defendants do not waive, and expressly reserve, any defenses or denials that class certification is proper in this case should the Court not approve the settlement or the settlement not be perfected.

predominate, but only that common issues exist." *Beaulieu v. EQ indus. Services, Inc.*, 2009 WL 2208131, *11 (E.D.N.C. July 22, 2009) (internal citations and quotations omitted). Here, Plaintiff contends the primary questions of law and fact central to the claims against Defendants include:

        a.      Whether Defendants' reimbursement method provided sufficient vehicle reimbursements to its delivery drivers;

        b.      Whether the Class Members' vehicle-related expenses resulted in payment below minimum wage;

        c.      Whether Defendants willfully violated applicable wage and hour laws; and

        d.      Whether Plaintiff and the Class Members have sustained damages and, if so, the proper measure of damages.

Thus, for settlement purposes, Plaintiff asserts that the proposed Class Members share sufficient commonality to satisfy Federal Rule of Civil Procedure 23(a)(2).

To satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3), Plaintiff must show that his claims "are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement ensures that the absent class members are adequately represented by the lead plaintiff such that the interests of the class will be fairly and adequately protected in their absence. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157 n.13 (1982).

Plaintiff alleges that Class Members were not paid for all reimbursement expenses in a manner compliant with federal and state law. As a result, Plaintiff claims that he and the other putative Class Members are owed additional compensation. Plaintiff contends that the legal standards and requirements for proving the subject wage and hour claims are the same for Plaintiff's individual claims and those of all of the putative Class Members. Thus, for settlement purposes, Plaintiff asserts that his claims are sufficiently typical of the putative class to satisfy Federal Rule of Civil Procedure 23(a)(3).

### 4.    Adequacy

The last requirement of Rule 23(a) is that the representative party will fairly and adequately

protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The Sixth Circuit looks to two criteria to determine the adequacy of representation: "the representative must have common interests with unnamed members of the class; and it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012). Plaintiff asserts that neither he nor his counsel have any interests antagonistic to those of the putative Class Members. Plaintiff has communicated regularly with Class Counsel, and Plaintiff, through counsel, has prosecuted this action vigorously on behalf of himself and the putative class. Forester Decl., ¶ 10. Plaintiff contends his counsel has considerable experience as lead counsel in class action wage and hour litigation. Thus, for settlement purposes, Plaintiff asserts that he has established that Plaintiff and Class Counsel will fairly and adequately protect the interests of the putative class to satisfy Federal Rule of Civil Procedure 23(a)(4).

### C. The Settlement Class Meets the Requirements of Rule 23(b)(3) For Settlement Purposes.

Plaintiff asserts that certification is proper under Rule 23(b)(3) for settlement purposes. Rule 23(b)(3) permits class certification when (1) common questions of law and fact predominate over any individual claims and (2) a class action is the superior method to fairly and efficiently adjudicate the matter. Under the Rule 23(b)(3) predominance analysis, the Court must determine whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

#### 1. Predominance

The predominance requirement is satisfied if a plaintiff establishes that a common nucleus of facts and potential legal remedies dominates the litigation. *Id.* As explained above, Plaintiff asserts that the common nucleus of facts in the present case derives from the alleged practices that excluded certain incurred expenses from the Plaintiff's reimbursement pay, as required by the FLSA. Plaintiff alleges that the Settlement Class Members would be entitled to the same legal remedies. Accordingly, Plaintiff asserts that preliminary class certification for settlement purposes

to effectuate the Settlement Agreement is proper.   Additionally, Plaintiff contends that class certification in this case serves the judicial economy function of Rule 23 class actions.

### 2.      Superiority

Plaintiff alleges that a proposed class action settlement is the superior method of resolving the dispute in comparison to available alternatives.   A class action is the superior method for managing litigation if no realistic alternative exists.   *Valentino v.Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-1235 (9th Cir. 1996).   Plaintiff asserts that the alternative method of resolution could be hundreds of individual claims, but individual cases would be uneconomical for potential plaintiffs because the cost of litigation dwarfs their potential recovery, and for Defendants and the Court because it would cause an extensive duplication of efforts and resources.   Because it is likely that each individual Settlement Class Member could only pursue relatively small claims, such individuals have no particular interest in individually controlling the prosecution of separate actions.   Additionally, in the instant action, all Settlement Class Members have the option to opt-out of the proposed settlement, thus allowing individuals the opportunity to control the resolution of their individual claim.

Plaintiff believes that concentrating the litigation of the claims in this and one particular forum would be the most efficient manner or adjudicating all of the claims of the Settlement Class. For purposes of preliminary approval of the Settlement Agreement, there is no reason why concentrating the litigation in this Court would be undesirable. Lastly, under Rule 23(b)(3)(D), the Court may consider likely difficulties in managing a class action.   In the context of a settlement, however, considerations regarding management of the class action are irrelevant, because the proposal to the court is to avoid trial through a settlement agreement. *See Amchemr*, 521 U.S. at 620 (1997).   In light of these considerations, Plaintiff asserts that preliminary certification of the Settlement Class for settlement purposes is proper under the requirements of Rule 23(b)(3).

**D.**   **Conditional Certification of the FLSA Collective Action**

"The FLSA standard for evaluating whether individuals are similarly situated is different than the standard in Federal Rule of Civil Procedure 23 in that it is less demanding." *Bentz v. UC Synergetic, LLC*, 2:16-CV-2700-SHL-EGB, 2018 WL 4677786, at *3 (W.D. Tenn. Sept. 28, 2018)(citing to *Monroe v. FTS USA*, LLC, 860 F.3d 389, 397 (6th Cir. 2017))(internal citations omitted). Here, conditional certification of the FLSA class is warranted for many of the same reasons detailed above regarding certification under Rule 23's more stringent standards. Plaintiff alleges that all class members performed the same primary job duty of delivering pizzas and other food to Defendants' customers using their personal vehicles, they were compensated by similar hourly pay rates, drove similar delivery distances, Defendants reimbursed them with the same or comparable rate per mile and/or delivery, and their claims are based on the same legal theory. Plaintiff asserts that employees may recover vehicle costs when the employer's estimation of such costs is unreasonable, and the shortfall results in minimum wage deficits. Alternatively, Plaintiff asserts that Defendants must either track and reimburse actual vehicle costs or reimburse at the IRS rate. Either way, Plaintiffs are similarly-situated and the same legal standard will apply class-wide. Plaintiff asserts that this is sufficient to warrant certification of Plaintiff's FLSA claim for settlement purposes. *See e.g.*, 29 U.S.C. § 216(b)(FLSA certification warranted where plaintiff demonstrates he and putative class members are "similarly situated"); *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009)(Plaintiffs who suffer from a single, FLSA-violating policy or whose claims are "unified by common theories of defendants' statutory violations" are similarly situated); *Otis v. TAH Pizza, Inc. et al.,* Case 2: 18-cv-00111 (E.D. TN) (approving of FLSA certification of similar claims for settlement purposes). The Parties will move for final approval of the FLSA settlement contemporaneously with seeking final approval of the Rule 23 settlement class.

**E.**     <u>**The Court Should Approve the Proposed Notice And Claim Form**</u>

Pursuant to Rule 23(e), the Court must direct reasonable notice to all class members. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (citing Fed. R. Civ. P. 23(e)(1)). Courts have broad discretion to approve the specific form and content of notice so long as the notice meets the requirements of constitutional due process. *Id.* These requirements are met if the notice is reasonably calculated to apprise interested parties of the pendency of the proposed settlement and afford them an opportunity to present objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A Rule 23(e) settlement notice must inform class members (1) of the nature of the pending litigation, (2) of the settlement's general terms, (3) that complete information is available from the court files, and (4) that any class member may appear and be heard at the final approval hearing. 4 Newberg on Class Actions § 11:53 (4th ed. 2002).

The proposed Notice satisfies all these elements. First, it explains the nature of the action. Second, the Notice apprises Settlement Class Members of the pendency of the settlement and informs them of material settlement terms. The Notice explains that Class Members who "do nothing" will remain in the Settlement Class, receive a settlement payment, and be bound by the settlement and all orders and judgments. The Notice describes how to object to the settlement, informs Class Members that they will receive a share of the Settlement Amount and explains factors that will be applied to account for their precise recovery. *Pelzer v. Vassalle*, 655 F.App'x at 368 (6th Cir. 2016) (quoting *Int'l Union*, 497 F.3d at 630)(notice should "fairly apprise the prospective members of the class of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests.").

Class Members are also provided full notice of their right to file objections, attend the

fairness hearing, or hire their own attorney at their expense. *Id* at 368 (quoting *Int'l Union*, 497 F.3d at 631) (notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Class Members will have a reasonable amount of time, 50 days from the date the notice is mailed, to object to the Settlement or mail an opt-out request.  Courts have routinely found this period to be reasonable and have even approved shorter periods. *Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 392663, at *5 (D. Colo. June 25, 2015) (45 days).

The Parties will file a Joint Motion for Final Approval of the Settlement following the end of the objections period.  The Parties also request the Court to set a final fairness hearing so that the notice can inform Class Members of the date and location of that hearing.  To accommodate the notice period, and in compliance with the Class Action Fairness Act, the Parties request a date at least 100 days after the Court's order preliminarily approving the settlement.

### Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and issue an Order that:

(a)    grants Plaintiff leave to file an Amended Complaint alleging a class claim under the Michigan Improved Workforce Opportunity Wage Act, MCL § 408.931 *et seq.*

(b)    certifies a class action for purposes of settlement;

(c)    conditionally certifies an FLSA collective action for purposes of settlement;

(d)    preliminarily finds that the Parties' settlement appears to be fair, reasonable, and adequate as to members of the class, subject to any objections that may be raised at the final fairness hearing and final approval of the class settlement by this Court;

(e)     grants preliminary approval of the settlement;

(f)     approves as to form and content the Parties' proposed notice and claim form as reasonable notice practicable under the circumstances and in full compliance with applicable law;

(g)     orders that each class member be given a full opportunity to file a claim, object to, or opt out of the Settlement Agreement, and to participate at the final approval hearing;

(h)     schedules a final fairness hearing at least 100 days following the Court's Order granting preliminary approval; and

(j)     awards such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ *J. Forester*
**J. Forester**
Texas Bar No. 24087532
**Katherine Serrano**
Texas Bar No. 24110764
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, TX 75202
(214) 210-2100 (phone)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Service of this document will be made on Defendants in accordance with the Federal Rules of Civil Procedure.

/s/ *J. Forester*
**J. Forester**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Defendants and pursuant to the Parties' Settlement Agreement, Defendants are unopposed to the relief sought.

/s/ *J. Forester*
**J. Forester**